# United States District Court
# Eastern District of Tennessee

JAmes R. WAlton
Helen R. WAlton

    Plaintiffs

V.

Carrington Mortgage
Services, LLC, et al,

Case NO: 1:17-CV-00330
    -TRM-SKL

**FILED**

FEB 1 6 2018

Clerk, U. S. District Court
Eastern District of Tennessee
At Chattanooga

Complaint

Plaintiffs JAmes R. WAlton and Helen R. WAlton, for their complaint against Carrington Mortgage Services, LLC; Bank of America; Taylor, Bean and Whitaker, alleges as follows.

## Nature of Case

1. This is an action for (1) damages for wrongful foreclosure (2) Fraudulent document submission (3) invalid assignments of Deed of Trust

(4) foreclosing while on a duel track of Assistance with a modification. (5) Injury is redressable by the court.

2. On October 3, 2008, Plaintiffs closed on a mortgage with Taylor, Bean and Whitaker in the amount of $277,148.00. Mortgage Electronic Registration Systems, Inc. (MERS) a separate corporation acting solely as nominee for lender. In a Tennessee State Supreme Court case, MERS v. Ditto (No: E2012-02292-SC-R11-cv), Court concluded MERS had no protected interest in the note.

3. Taylor, Bean and Whitaker sold the note to Ocala Funding, a wholely owned subsidiary of TBW.

4. Ocala primarily performed three roles.

   (a) As "Purchaser", Ocala would buy from TBW, mortgages that could then be sold

or indirectly to Freddie MAC.

    (b) As "Issuer", Ocala issued Secured Liquidity Notes. Ocala would purchase notes from TBW, then bundle them, and sell them to investors.

5. TBW primarily performed two duties or roles.

    (a) As "Seller", TBW would originate mortgages and sell these notes to Ocala.

    (b) As "Servicer", TBW serviced loans held by Ocala, performing such functions as collecting monthly loan payments from mortgages, handling mortgagees' escrow accounts, and paying taxes and insurance from escrow accounts.

6. On August 24, 2009, TBW filed for relief pursuant to Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Florida.

7. Bank of America sent notice that effective Sept. 1, 2009, BAC Home Loans Servicing, LP, a subsidiary of Bank of America, would begin servicing the note. Plaintiffs never received notice from TBW that BAC Home Loans was assigned as the new servicer.

8. BAC and Bank of America wrongfully acted servicer from Sept. 1, 2009 to Sept. 2014.

9. Sept. 28, 2011, Mortgage Electronic Registration Systems (MERS), without the lawful authority to do so, assigned the Deed of Trust to Bank of America.

10. Deed of Trust was filed with the Hamilton County Clerks office on Oct. 11, 2011. The deed was filed with signatures of Robo-Signers and inauthentic Certificates. Filing false documents with the recorder of deeds office is a fraud, which would deem the document void.

11. Bank of America assigned the Deed of Trust to Carrington Mortgage Services on Nov. 17, 2014. The Deed of Trust changed to a Power of Attorney to Carrington Mortgage Services on Dec. 10, 2014.

12. The assignment of Deed by Bank of America contained signatures of robo-signers, defective and false information.

13. On 12/29/2014 an assignment of Deed was filed with the Hamilton County Recorder of Deeds with robo-signers, unexecuted notorized statements, and a fraudulent Certificate of Acknowledgement.

14. Carrington Mortgage Services foreclosed on Plaintiffs property and held an auction sale on Sept. 7, 2017, while Plaintiffs were on duel track of a Mortgage Assistance Plan.

15. There was never a validly assigned deed to Bank of America. Therefore Bank of America didn't have authority to assign the note to Carrington Mortgage Services.

16. Because the deed was never validly assigned, Carrington Mortgage Services did not have legal authority or standing to foreclose on Plaintiffs property.

## Count I

17. Plaintiffs repeats and re-alleges each and every allegation above.

18. MERS had no beneficial interest in the note and therefore could not assign the note.

19. Bank of America used insider information to gain access to information to Plaintiffs file and began unilaterally servicing the note. See (Deutsche Bank V. Bank of America No: 09-cv-9784 RSW)

20. Plaintiffs received a permanent modification and Bank of America breached the contract.

21. Bank of America through a Predatory lending Act was negligent in carrying out Proper Standards in the modification Program (Truth In Lending Act (TILA)

22. Bank of America caused emotional stress during the Process of the modification by losing documents and requiring documents to be re-sent a number of times. There was undue pressure caused by continuing to require the same documents to be sent over and over again.

23. Securitizing the note was fraud upon the borrower and upon the court because the note was separated from the Deed of Trust.

### Count II

(24) Carrington Mortgage Services committed fraud and put undue pressure on the Plaintiffs that caused Plaintiffs no choice but to file bankruptcy in order to save the home. In doing so, Plaintiffs credit was ruined.

### Count III

25. Carrington Mortgage Services caused Plaintiffs to incur enormous debt during the process of try to save the property from foreclosure.

### Count IV

26. The title to the property has been clouded and has caused harm to the Plaintiffs.

## Relief Requested

Wherefore, plaintiffs prays for relief and judgement as follows.

(a) an award of compensatory damages of $200,000 for emotional stress.

(b) an award of actual damages of $95,832 for repairs, upkeep, living arangements while in limbo

(c) an award of Punitive damages due to wrongful foreclosure, fraudulent and negligent acts, in the amount of $2,844,000.

(d) An award of Quiet Title due to the title being clouded because of actions by the defendants.

(e) Such other and further relief as is just and proper.

Dated: February 12, 2018

Signed: James R. Walton
        Helen R. Walton

Printed Names   JAMES R WALTON
                Helen R. WALTON