| | |
|---|---|
| JAMES R. WALTON and HELEN R. WALTON,<br><br>    Plaintiffs,<br><br>v.<br><br>CARRINGTON MORTGAGE SERVICES, LLC, BANK OF AMERICA, and TAYLOR, BEAN & WHITAKER,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  No. 1:17-mc-00330-TRM-SKL<br>)<br>)<br>)<br>)<br>)<br>) |

## CARRINGTON MORTGAGE SERVICES, LLC'S ANSWER
## TO PLAINTIFFS' AMENDED COMPLAINT

COMES NOW, Defendant Carrington Mortgage Services, LLC ("Carrington"), and submits this answer to Plaintiffs James and Helen Walton's Amended Complaint [R. 11].

### Nature of Case

1. The allegations in Paragraph No. 1, as to wrongful foreclosure, fraudulent document submission, duel tracking, and invalid assignment of the Deed of Trust, constitute legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph No. 1 are denied. The remaining allegation regarding damages constitutes a prayer for relief to which no response is required. Carrington denies that Plaintiff is entitled to the relief requested in Paragraph No. 1.

2. Carrington admits that on October 3, 2008, Plaintiffs James and Helen Walton obtained a loan from Taylor, Bean & Whitaker Mortgage Corp. ("TBW") in the amount of $277,148.00, as evidenced by Plaintiffs' execution of the promissory note (the "Note"), associated

with the purchase of real property located at 1301 Winbrook Lane, Hixon, Tennessee 37343 (the "Property"). Carrington admits Plaintiffs executed a Deed of Trust (the "Deed of Trust") (the Note and Deed of Trust are referred to collectively as the "Loan"), which identified Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Lender and Lender's successors and assigns and as the beneficiary of the Deed of Trust. [The Note and Deed of Trust are attached hereto as **Exhibits A** and **B**, respectively]. Carrington denies Plaintiffs' interpretation of *Mortgage Electronic Registration Systems, Inc. v. Ditto*, 488 S.W.3d 265 (Tenn. 2015), as it applies here. *Ditto* involved whether MERS, as the beneficiary solely as nominee for the lender and its assigns, had the right to receive notice of a tax sale under Tennessee Code Annotated Section 67–52504(c). In *Ditto*, the Tennessee Supreme Court did not "question MERS's authority to act as agent for the lender and any successor lenders," and found that "Tennessee courts have approved MERS's authority to . . . assign a mortgage as nominee for the lender." 488 S.W.3d at 290–91. Except as specifically admitted, Carrington denies the allegations in Paragraph No. 2.

3. Carrington admits that TBW endorsed the Note "in blank." Except as specifically admitted, Carrington denies the allegations in Paragraph No. 3.

4. The allegations contained in Paragraph No. 4, including subparts (a) and (b), are not directed at Carrington and therefore do not require a response. To the extent that the allegations are directed at Carrington, Carrington denies the allegations in Paragraph No. 4 for lack of information.

5. The allegations contained in Paragraph No. 5, including subparts (a) and (b), are not directed at Carrington and therefore do not require a response. To the extent that the allegations are directed at Carrington, Carrington denies the allegations in Paragraph No. 5 for lack of information.

6. Upon information and belief, Carrington admits that on August 24, 2004, TBW filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Northern District of Florida.

7. The allegations contained in Paragraph No. 7 are not directed at Carrington and therefore do not require a response. To the extent that the allegations are directed at Carrington, Carrington denies the allegations in Paragraph No. 7 for lack of information.

8. The allegations contained in Paragraph No. 8 are not directed at Carrington and therefore do not require a response. To the extent that the allegations are directed at Carrington, Carrington denies the allegations in Paragraph No. 8 for lack of information.

9. Carrington admits that on September 28, 2011, Mortgage Electronic Registration Systems, Inc. assigned the Deed of Trust to Bank of America, N.A. ("BANA"), Successor by merger to BAC Home Loans Servicing, LP f/k/a/ Countrywide Home Loans Servicing, LP. [The First Assignment of the Deed of Trust is attached hereto as **Exhibit C**]. Except as specifically admitted, Carrington denies the allegations in Paragraph No. 9.

10. Carrington admits that on October 11, 2011, the First Assignment of the Deed of Trust was recorded with the Hamilton County Register of Deed's office as Instrument No. 2011101100186. Except as specifically admitted, Carrington denies the allegations in Paragraph No. 10.

11. Carrington admits that on November 17, 2014, BANA assigned the Deed of Trust to Carrington. [The Second Assignment of the Deed of Trust is attached hereto as **Exhibit D**]. The remaining allegations in Paragraph No. 11 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph No. 11 are denied. Except as specifically admitted, Carrington denies the allegations in Paragraph No. 11.

12. Carrington denies the allegations in Paragraph No. 12.

13. Carrington admits that on November 24, 2014, the Second Assignment of the Deed of Trust was recorded with the Hamilton County Register of Deed's office as Instrument No. 2014112400141. Except as specifically admitted, Carrington denies the allegations in Paragraph No. 13.

14. Carrington admits that on September 7, 2017, Robert J. Solomon, as Substitute Trustee, conducted a foreclosure sale of the Property. [The Substitute Trustee's Deed is attached hereto as **Exhibit E**]. Except as specifically admitted, Carrington denies the allegations in Paragraph No. 14.

15. Carrington denies that the Deed of Trust was not assigned to BANA. [*See* **Exhibit C**]. Carrington admits that on September 28, 2011, MERS assigned the Deed of Trust to BANA. Carrington admits that on November 17, 2014, BANA assigned the Deed of Trust to Carrington. Carrington denies that BANA assigned the Note to Carrington. Except as specifically admitted, Carrington denies the allegations in Paragraph No. 15.

16. Carrington denies that the Deed of Trust was not validly assigned. Carrington admits that on September 28, 2011, MERS assigned the Deed of Trust to BANA. Carrington admits that on November 17, 2014, BANA assigned the Deed of Trust to Carrington. Carrington denies that it lacked standing to foreclose on the Property. Except as specifically admitted, Carrington denies the allegations in Paragraph No. 15.

## Count I

17. Carrington restates and incorporates by reference its answers to Paragraph Nos. 1 through 16 of the Amended Complaint.

4

18. Carrington admits that when a note is sold on the secondary market, MERS serves as "the mortgagee of record (thereby avoiding recording and other transfer fees that are otherwise associated with the sale) and continues to act as an agent for the new owner of the promissory note," *Ellington v. Fed. Home Loan Mortg. Corp.*, 13 F. Supp. 3d 723, 725 (W.D. Ky. 2014). Carrington further admits that "[c]ourts have consistently upheld the validity of MERS's role as nominee for a promissory note's lenders and assigns, and as beneficiary under a deed of trust," *Phillips v. Nationstar Mortg., LLC*, 3:13-CV-01414, 2016 WL 2866164, at *6 (M.D. Tenn. May 17, 2016). Except as specifically admitted, Carrington denies the allegations in Paragraph No. 18.

19. The allegations contained in Paragraph No. 19 are not directed at Carrington and therefore do not require a response. To the extent that the allegations are directed at Carrington, Carrington denies the allegations in Paragraph No. 19 for lack of information.

20. Carrington admits that on April 16, 2013, Plaintiffs executed a loan modification agreement with BANA. [The Loan Modification Agreement is attached hereto as **Exhibit F**]. The remaining allegations contained in Paragraph No. 20 are not directed at Carrington and therefore do not require a response. To the extent that the allegations are directed at Carrington, Carrington denies the allegations in Paragraph No. 20 for lack of information.

21. The allegations contained in Paragraph No. 21 are not directed at Carrington and therefore do not require a response. To the extent that the allegations are directed at Carrington, Carrington denies the allegations in Paragraph No. 21 for lack of information.

22. The allegations contained in Paragraph No. 22 are not directed at Carrington and therefore do not require a response. To the extent that the allegations are directed at Carrington, Carrington denies the allegations in Paragraph No. 22 for lack of information.

23. Carrington denies that securitization of the Note constitutes fraud on Plaintiffs or the Court. "[S]ecuritization of a note does not alter the borrower's obligation to repay the loan. Securitization is a separate contract, distinct from the borrower's debt obligations under the note." *Thompson v. Bank of America, N.A.*, 773 F.3d 741, 749 (6th Cir. 2014). Courts have consistently rejected claims based on securitization of the Note, finding that the "debt obligations and the note holder's standing to enforce those obligations remain intact and unaffected by the securitization or assignment of the mortgage." *Johnson v. Broker Sols., Inc.*, 3:15-CV-00047, 2015 WL 4469276, at *3 (M.D. Tenn. July 22, 2015); *Renfroe v. Flagstar Bank*, 14-2914-STA-DKV, 2015 WL 3407361, at *4 (W.D. Tenn. Mar. 2, 2015) (dismissing plaintiffs' claims based on securitization of the note).

## **Count II**

24. Carrington admits that on October 14, 2016, Plaintiffs filed for Chapter 13 Bankruptcy in the Eastern District of Tennessee, Case No. 1:16-bk-14437-NWW in which they were represented by Mark T. Young, 2895 Northpoint Blvd, Hixon, Tennessee 37343. In Plaintiffs' Chapter 13 Plan, Plaintiffs agreed to surrender the Property to Carrington in exchange for full satisfaction of the debt. The bankruptcy court confirmed Plaintiffs' Chapter 13 Plan on January 4, 2017. [Plaintiffs' Chapter 13 Plan is attached hereto as **Exhibit G**]. When Carrington sought relief from the automatic stay after confirmation of the Plaintiffs' Chapter 13 Plan, the Court denied Carrington's motion "because the relief requested was granted by the order confirming the debtor's chapter 13 plan." [May 25, 2017 Order is attached hereto as **Exhibit H**]. Plaintiffs made no payments to Carrington during Plaintiffs' Chapter 13 bankruptcy. The bankruptcy court dismissed Plaintiffs' Chapter 13 bankruptcy on January 4, 2018. [Chapter 13 Trustee's Final Report is attached hereto as **Exhibit I**]. "Under 11 U.S.C. § 1327(a), confirmation

6

Case 1:17-cv-00330-TRM-SKL   Document 22   Filed 03/26/18   Page 6 of 10   PageID #: 105

of a Chapter 13 plan is, in effect, an adjudication of litigation over the issues of the classification and treatment of claims provided for in a proposed Chapter 13 plan, and is res judicata on those issues." *Lewis v. Countrywide Home Loans*, 09-11093, 2009 WL 2777005, at *2 (E.D. Mich. Aug. 27, 2009). In *Lewis*, the plaintiff agreed to surrender the property in the Chapter 13 bankruptcy and the district court dismissed plaintiff's claims against Countrywide based on res judicata, explaining that the "[p]laintiff could have asserted this claim in the earlier bankruptcy proceeding, but elected not to do so." *See Lewis*, 2009 WL 2777005, at *2. Except as specifically admitted, Carrington denies the allegations in Paragraph No. 24.

## Count III

25. Carrington lacks sufficient information regarding whether Plaintiffs incurred debt or what debt Plaintiffs allegedly incurred as a result of the foreclosure, and therefore denies the same.

## Count IV

26. Carrington denies that title to the Property has been clouded. Carrington admits that Plaintiffs agreed in their Chapter 13 bankruptcy to surrender the Property to Carrington. Carrington denies that Plaintiffs could have been harmed when they agreed to surrender the Property in their Chapter 13 bankruptcy. Except as specifically admitted, Carrington denies the allegations in Paragraph No. 24.

## Relief Requested

a. The allegations in Paragraph (a) constitute a prayer for relief to which no response is required. Carrington denies that Plaintiffs are entitled to the relief requested in Paragraph (a).

7

b. The allegations in Paragraph (b) constitute a prayer for relief to which no response is required. Carrington denies that Plaintiffs are entitled to the relief requested in Paragraph (b).

c. The allegations in Paragraph (c) constitute a prayer for relief to which no response is required. Carrington denies that Plaintiffs are entitled to the relief requested in Paragraph (c).

d. The allegations in Paragraph (d) constitute a prayer for relief to which no response is required. Carrington denies that Plaintiffs are entitled to the relief requested in Paragraph (d).

e. The allegations in Paragraph (e) constitute a prayer for relief to which no response is required. Carrington denies that Plaintiffs are entitled to the relief requested in Paragraph (e).

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim upon which relief may be granted against Carrington.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, under the applicable statute of limitations and/or the doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by res judicata because the Plaintiffs agreed to surrender the Property in theeir Chapter 13 bankruptcy. *See Lewis*, 2009 WL 2777005, at *2 (dismissing plaintiff's claims against Countrywide based on res judicata, explaining that the "[p]laintiff could have asserted this claim in the earlier bankruptcy proceeding, but elected not to do so").

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs failed to mitigate any damages allegedly sustained. As such, any damages actually sustained by Plaintiffs should be reduced proportionally for the failure to mitigate such losses.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to assert one or more of their claims.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovering punitive damages in excess of those limits established by applicable Tennessee statutory and case law.

## SEVENTH AFFIRMATIVE DEFENSE

Carrington pleads the defense of setoff and recoupment.

## EIGHTH AFFIRMATIVE DEFENSE

Carrington expressly reserves the right to assert such other and further affirmative and additional defenses as may be established during discovery and investigation and by the evidence in this case.

Respectfully submitted,

BRADLEY ARANT BOULT CUMMINGS LLP

By: */s/ Brian R. Epling*
    Heather Howell Wright (No. 30649)
    Brian R. Epling (No. 34728)
    1600 Division Street, Suite 700
    P.O. Box 340025
    Nashville, Tennessee 37203
    Phone:  (615) 252-2342
    Facsimile:  (615) 252-6342
    bepling@bradley.com

    *Attorney for Defendant Carrington Mortgage Services, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2018, a copy of the foregoing was filed electronically with the Clerk's office by using the CM/ECF system and served electronically and/or via first-class U.S. mail, postage prepaid, upon all counsel as indicated below.  Parties may also access this filing through the Court's ECF system.

| | |
|---|---|
| James R. Walton | Taylor, Bean & Whitaker |
| Helen R. Walton | c/o Carifield, Okon, Solomon, |
| 1725 Kingsley Avenue | Pincus, West |
| Akron, Ohio  44313 | 500 Austrian Avenue, #325 |
| | West Palm Beach, Florida  33401 |

*/s/ Brian R. Epling*
Brian R. Epling