# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT CHATTANOOGA

| | | |
|---|---|---|
| JAMES R. WALTON and HELEN R. WALTON, | ) ) ) | Case No. 1:17-cv-330 |
| *Plaintiffs*, | ) ) | Judge Travis R. McDonough |
| v. | ) ) | Magistrate Judge Susan K. Lee |
| TAYLOR, BEAN, & WHITAKER MORTGAGE CORP., | ) ) ) | |
| *Defendant*. | ) | |

---

## MEMORANDUM OPINION

---

This action arises out of a foreclosure on real property located in Hixson, Tennessee. Plaintiffs James R. Walton and Helen R. Walton, proceeding *pro se*, initiated this action against Bank of America, N.A. ("BOA"), Carrington Mortgage Services, LLC ("Carrington"), and Taylor, Bean and Whitaker Mortgage Corp. ("TBW") on November 16, 2017. (Doc. 1.) On March 16, 2018, Plaintiffs filed a proof of service, including an affidavit from Plaintiff James Walton, stating that a copy of the civil summons and complaint was served by certified registered mail to Taylor, Bean and Whitaker, c/o Carifield, Okon, Solomon, Pincus, West, 500 Austrian Ave., #825, West Palm Beach, FL 33401. (Doc. 21, at 2.) Plaintiffs also included a copy of a certified mail receipt stating that Plaintiffs' mailing was delivered to Taylor, Bean & Whitaker c/o Owen H. Sokolof/Marjorie Livine, Carifield, Okon, Solomon, Pincus, West, 500 Austrian Ave., #825, West Palm Beach, FL 33401, and signed for by Patrick Cuadra on March 5, 2018. (*Id*. at 3.) When TBW did not answer or otherwise respond to Plaintiffs' amended complaint, Plaintiffs filed a motion for default judgment. (Doc. 41.)

On November 14, 2018, the Court entered an order granting BOA's and Carrington's motions for judgment on the pleadings and dismissed Plaintiffs' claims against them with prejudice. (Doc. 56.) In that order, the Court also denied Plaintiffs' motion for default judgment against TBW, explaining that Plaintiffs' amended complaint failed to state a claim against TBW. (*Id.* at 14–16.) The Court specifically noted that Plaintiffs' amended complaint included few factual allegations related to TBW, namely that: (1) Plaintiffs closed a mortgage with TBW in the amount of $277,148, and TBW sold the note to Ocala Funding, its wholly-owned subsidiary; (2) TBW originated mortgages it sold to Ocala Funding and then acted as servicer for loans held by Ocala Funding, meaning that TBW collected monthly loan payments, handled mortgagees' escrow accounts, and paid taxes and insurance from mortgagees' escrow accounts; and (3) TBW filed for bankruptcy in 2009. (Doc. 11, at 2–3.) Based on these scant allegations, the Court concluded that it could not determine what claims Plaintiffs sought to assert against TBW or how these allegations support those claims. (Doc. 56, at 15.) As a result, the Court ordered Plaintiffs to show cause as to why their claims against TBW should not be dismissed. (*Id.* at 16.)

On November 30, 2018, Plaintiffs responded to the Court's show-cause order. (Doc. 57.) Plaintiffs' response included several new allegations not previously included in Plaintiffs' amended complaint and, for the first time, sought to assert claims against TBW for: (1) mortgage fraud; and (2) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq*. (Doc. 57, at 1–3.) Additionally, on February 11, 2019, Plaintiffs filed a "Motion in Response to Order to Show Cause." (Doc. 61.) In their motion, Plaintiffs moved to amend their complaint against TBW. (*Id.* at 1.) Like their response to the Court's show-cause

order, Plaintiffs' motion included new factual allegations related to TBW and sought to assert a claim against TBW for mortgage fraud.[1] (*See id.*, at 2–9.)

The Court construed Plaintiffs' response to the Court's show-cause order and their motion in response to the Court's show-cause order as motions for leave to file an amended complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure. The Court granted that motion and ordered the Clerk of Court to file Plaintiffs' response to the Court's show-cause order as Plaintiffs' second amended complaint.[2] (*See* Doc. 62.) In relevant part, Plaintiffs' second amended complaint alleges:

> On October 3, 2008, at 3:00 p.m. eastern standard time while closing on a mortgage at the office of Realty, Title and Trust Company . . . TBW allegedly misrepresented the appraisal value and mortgage value as $280,000 on the closing statement (HUD-1 Statement). Property located at 1301 Windbrook Lane, Hamilton County, Tennessee, Lot 24, Winbrook Sub. Unit. 2. Plaintiffs have evidence to show that the value stated was $280,000 as opposed to the true value of $240,000. TBW recklessly, without regard to truth failed allegedly to offer a true mortgage value of $240,000.

(Doc. 63, at 2–4.) Plaintiffs allege that, based on TBW's inflated appraisal value, they suffered damages and assert a claim against TBW for mortgage fraud. (*Id.*)

Citing concerns that Plaintiffs had not properly effectuated service on TBW in compliance with Rule 4 of the Federal Rules of Civil Procedure, the Court also ordered Plaintiffs to serve a copy of the summons and second amended complaint on TBW and to file a new proof of service with the Court. (*Id.*) On April 1, 2019, Plaintiffs filed a proof of service indicating that they effectuated service on TBW by sending a copy of the summons and complaint by

---

[1] Plaintiffs' motion also sought to "enjoin Bank of America, N.A. and Carrington Mortgage Services "as successors in interest," and seeks to assert claims against BOA and Carrington, but the Court had already dismissed Plaintiffs' claims against them with prejudice. (Doc. 56.)

[2] The Court denied Plaintiffs' motion to the extent they sought to reassert claims against BOA and Carrington.

certified mail to "CT Corporation System, 1200 Pine Island Road, Plantation, FL 33324." (Doc. 64, at 4–5.)

On April 9, 2019, TBW filed a "Notice of Entry of Confirmation Order Providing for Discharge and Permanent Injunction." (Doc. 65.) In the notice, TBW states that it has filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code by commencing a bankruptcy case in the United States Bankruptcy Court for the Middle District of Florida, Case No. 3:09-07047. (*Id*.) The notice also states that the bankruptcy court has entered an order confirming the "Third Amended and Restated Joint Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors." (*Id*.) The notice then states:

> Pursuant to 11 U.S.C. § 1141 and the Confirmation Order, and except as otherwise provided in the Plan and Confirmation Order, on or after the effective date of the Plan, which has occurred, all persons who held, currently hold, or may hold claims against or interests in TBW that arose prior to the effective date of the Plan (including all Governmental Authorities) are permanently enjoined from, on account of such claims or interests, taking any of the following actions, either directly or indirectly, against or with respect to TBW, other parties identified in the Plan and Confirmation Order or any of their respective properties: (i) commencing or continuing in any manner any action or other proceeding of any kind; (ii) enforcing, attaching, executing, collecting, or recovering in any manner any judgment, award, decree, or attaching any properties pursuant to the foregoing; (iii) creating, perfecting, or enforcing any lien or encumbrance of any kind; (iv) asserting or effecting any setoff, recoupment, or right of subrogation of any kind against any Claim or Cause of Action; (v) taking any act, in any manner, in any place whatsoever, that does not conform to, comply with, or that is inconsistent with any provision of the Plan. Moreover, pursuant to the confirmed Plan, all injunctions or stays provided in the Bankruptcy Code remain in full force and effect.

(*Id*. at 1–2; *see also In re Taylor, Bean & Whitaker Mortg. Corp.*, Case No. 3:09-bk-07047, Doc. 3420, Bankr. M.D. Fla. Jul. 21, 2011.) The notice concludes that, because TBW has no interest in the property at issue in this litigation, the above-referenced terms of the bankruptcy court plan and confirmation order operate to enjoin Plaintiffs from "pursuing any type of *in personam* or other monetary relief against TBW." (*Id*. at 2.) Based on TBW's filing and the terms of its

confirmed Chapter 11 bankruptcy plan, the Court ordered Plaintiffs to show cause as to why their claims against TBW should not be dismissed without prejudice. (Doc. 67.)

On April 24, 2019, Plaintiffs responded to the Court's show cause order. (Doc. 68.) In their response, Plaintiffs assert that the Court should not dismiss their claims against TBW for mortgage fraud and violation of RICO because such claims are not dischargeable in bankruptcy. (*Id.*) Specifically, Plaintiffs argue that TBW's debt is not dischargeable under 11 U.S.C. § 523(a)(2) because their claims are based on TBW's false pretenses, false representations, and actual fraud. (*Id.*) Even if Plaintiffs are correct that their claims against TBW are not dischargeable, the proper course of action is to seek a determination from the bankruptcy court regarding whether the claimed debt is dischargeable. *See* 11 U.S.C. § 523(c); Fed. R. Bankr. P. 4007 advisory committee's note (1983) (stating that "[t]he bankruptcy court has exclusive jurisdiction to determine the dischargeability of [debts set out in § 523(a)(2)]"); *Archer v. Warner*, 538 U.S. 314, 321 (2003) ("Congress also intended to allow the relevant determination (whether a debt arises out of fraud) to take place in bankruptcy court. . . .").

Based on the foregoing, as a result of TBW's confirmed Chapter 11 bankruptcy plan, Plaintiffs are enjoined from continuing this action against TBW in this Court because their claims are predicated on actions taken by TBW before the effective date of the bankruptcy plan. Accordingly, the Court will **DISMISS** Plaintiffs' claims against TBW **WITHOUT PREJUDICE**.[3]

---

[3] The Court is dismissing Plaintiffs' claims without prejudice so that they are not foreclosed from pursuing their claims as part of TBW's bankruptcy proceedings in the United States Bankruptcy Court for the Middle District of Florida.

**AN APPROPRIATE JUDGMENT WILL ENTER**.

*/s/ Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**